SUMMARY ORDER

Petitioner Xing Zhu, a native and citizen of the People’s Republic of China, seeks review of an April 28, 2008 order of the BIA affirming the November 16, 2006 decision of Immigration Judge (“IJ”) Paul De-Fonzo denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Xing Zhu, No. A 99 564 700 (B.I.A. Apr. 28, 2008), aff'g No. A 99 564 700 (Immig. Ct. N.Y. City Nov. 16, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ’s decision as the final agency determination. See Shunfu Li v. Mukasey, 529 F.3d 141, 146 (2d Cir.2008). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We “defer to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.” Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008).
Substantial evidence supports the IJ’s adverse credibility determination. For example, while Zhu testified that he and his wife went into hiding in October 2004 after his wife became pregnant a third time, he testified that family planning officials approached him in December 2004 to ask his wife to report for a gynecological checkup. Similarly, while Zhu testified and his wife’s letter indicated that they both went into hiding in March 2005, Zhu’s asylum application and later testimony indicated that only he went into hiding. *438 Contrary to Zhu’s assertion that his wife’s letter was consistent with his testimony, the letter states, “We did not dare to return [to] the home after we escaped away.” Finally, while Zhu testified that he lived at his home until March 2005 when he went into hiding and eventually left China, his asylum application indicated that he lived at home until May 2005. Because Zhu’s explanations for these inconsistencies would not compel a reasonable factfinder to credit them, the IJ did not err in relying on those inconsistencies to support his adverse credibility determination. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005). To the extent Zhu argues that the inconsistencies are too minor to support an adverse credibility determination, that argument is foreclosed by the REAL ID Act. 8 U.S.C. § 1158(b)(l)(B)(iii); Xiu Xia Lin, 534 F.3d at 166-67 (“[A]n IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the ‘totality of the circumstances’ establishes that [the] applicant is not credible.” (emphasis in original)).
Taken as a whole, the IJ’s adverse credibility determination was supported by substantial evidence. See 8 U.S.C. § 1158(b)(1)(B)(iii); Xiu Xia Lin, 534 F.3d at 167. Therefore, the IJ properly denied Zhu’s applications for asylum and withholding of removal, where the only evidence that he would be persecuted depended on his credibility. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). Substantial evidence also supports the IJ’s finding that, contrary to Zhu’s testimony, the evidence did not demonstrate that he illegally departed China where his passport contained an exit stamp. See Xiu Xia Lin, 534 F.3d at 167. Therefore, the IJ properly denied CAT relief in the absence of credible evidence indicating that he would be subjected to torture on that basis. See Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).